United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

vs.

Mark-Anthony Markiewicz,

        Defendant.

_____/

Criminal No. 24-cr-20190

Honorable Mark A. Goldsmith

## **PRELIMINARY ORDER OF FORFEITURE**

The Information charges defendant Mark-Anthony Markiewicz with Counts One, Two, and Three, Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b).

On or about June 5, 2024, defendant entered into a Rule 11 Plea Agreement and pleaded guilty to Counts One, Two, and Three of the Information.

In his Rule 11, the defendant agreed to forfeiture under 18 U.S.C. § 2428.

NOW, THEREFORE, pursuant to 18 U.S.C. § 2428 and Federal Rule of Criminal Procedure 32.2, and based on defendant's guilty plea to Counts One, Two, and Three of the Amended Information, the defendant's Rule 11 Plea Agreement, the government's Unopposed Application for Entry of Preliminary Order of Forfeiture, and other information in the record, **IT IS HEREBY ORDERED:**

1. Under 18 U.S.C. § 2428, the Apple iPhone 11, SN: FFWGG00GN734 ("Subject Property") is **FORFEITED** to the United States for disposition according to law, and any right, title or interest of defendant, and any right, title or interest that his heirs, successors, or assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

2. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

3. Pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2, the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on [www.forfeiture.gov](www.forfeiture.gov) for at least thirty (30) consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. Said notice shall direct that any person, other than the defendant, asserting a legal interest in the Subject Property, may file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury, and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's

alleged interest in the Subject Property. Pursuant to 21 U.S.C. § 853(n), any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

4. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure, upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

5. This Preliminary Order of Forfeiture shall become final as to the defendant at sentencing, and forfeiture of the Subject Property shall be made part of the defendant's sentence in this case and included in the Judgment.

6. If no third-party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall automatically become the Final Order of Forfeiture. If one or more third parties file timely petition(s) for any of the Subject Property, the Court shall enter

an Amended Order of Forfeiture that addresses the disposition of the third-party petition(s) as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

7. When this Order or an Amended Order becomes final as to all parties, the United States shall have clear title to the Subject Property as provided under 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall be authorized to dispose of the Subject Property as prescribed by law.

8. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

Dated: October 17, 2024

/s/Mark A. Goldsmith
HON. MARK A. GOLDSMITH
United States District Judge